# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ANGELA MORSE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-20-1171-SM** |
| ) | |
| **KILOLO KIJAKAZI, Acting** ) | |
| **Commissioner of Social** ) | |
| **Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Angela Morse (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). Docs. 19, 20.

Plaintiff maintains the ALJ erred in his consideration of medical evidence related to Plaintiff's ability to lift up to ten pounds. Doc. 22, at 3-7. After a careful review of the record (AR), the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

---

[1]     Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

## I.   Administrative determination.

### A.   Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just h[er] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B.   Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

### C.    Relevant findings.

#### 1.    Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 16-27; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1)    had not engaged in substantial gainful activity since December 29, 2017, the alleged onset date;

(2)    had the severe impairments of disorders of the cervical, thoracic and lumbar spine, discogenic and degenerative, with chronic pain and radiculopathy, status post June 2019 fusion, L4-L5; morbid obesity; major depressive disorder, recurrent, severe, without psychotic features; and borderline intellectual functioning;

(3)    had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4)    had the residential functional capacity[2] (RFC) to perform sedentary work, with additional restrictions;

(5)    could not perform any past relevant work;

(6)    could perform jobs that exist in significant numbers in the national economy; and thus

---

[2]    RFC "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545 (a)(1), 416.945(a)(1).

(7)     was not disabled from December 29, 2017 through January
        30, 2020.

AR 18-27.

### 2.     Appeals Council's findings.

The SSA's Appeals Council denied Plaintiff's request for review, making

the ALJ's decision the Commissioner's final decision. *Id.* at 1-8; *see Krauser v.*

*Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II.     Judicial review of the Commissioner's final decision.

### A.     Review standard.

The Court reviews the Commissioner's final decision to determine

"whether substantial evidence supports the factual findings and whether the

ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326,

1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less

than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139

S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion.")

(internal quotation marks and citation omitted). A decision is not based on

substantial evidence "if it is overwhelmed by other evidence in the record."

*Wall*, 561 F.3d at 1052 (citation omitted). The court will "neither reweigh the

evidence nor substitute [its] judgment for that of the agency." *Newbold v.*

*Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (quotation marks and citation omitted).

### B.    The ALJ's RFC assessment was consistent with the medical evidence.

Plaintiff contends the ALJ disregarded Dr. Vallurupalli's restrictions upon her ability to lift. On August 7, 2019, Dr. Vallurupalli opined:

> Given that her radicular symptoms are much improved, and she is able to ambulate and they continue to improve. We are not going to proceed with surgery at this time. In regard to her postoperative wound infection that is completely healed and looks good, her ALIF L4-L5 fusion is coming along well. We would like her to continue to limit her lifting to less than 5-10 pounds but encouraged her to do as much walking as she is able to do and continue to strengthen her legs. I do not feel she needs any more antibiotics at this time. We did encourage her to bring her CD from the outside ED for the next visit just for evaluation and so that we can have it on file. We are going to see her back in 6 weeks' time to see how she is doing. We are hoping that her radicular symptoms are resolved at that time and will not have to do anymore operative intervention for her. We cautioned her to call us if any new symptoms arise, but if not, we will see her back in 6 weeks' time. At that visit, we would like to view standing x-rays of the lumbar spine.

AR 1186.

The ALJ found this opinion generally persuasive:

> The opinion of Dr. Vallurupalli's opinion, at B16F, is generally consistent and generally persuasive. Dr. Vallurupalli opined the claimant's radicular symptoms have improved, she is able to ambulate and continues to improve. Post operation wound infection is completely healed and looks good. Dr. Vallurupalli stated, *"We would like her to continue limit her lifting to less than 5-10 pounds, but encouraged her to do as much walking as she is able to do and continue to strengthen her legs."*

*Id.* at 25. Plaintiff testified Dr. Vallurupalli limited her to lifting ten pounds or less. *Id.* at 41.

Plaintiff argues the RFC assessment of her ability to lift conflicts with Dr. Vallurupalli's persuasive opinion. The Court conducts a limited review of the ALJ's decision under the substantial-evidence standard. As noted, this review is extremely deferential, requiring only "such relevant evidence as a reasonable mind might accept" as enough to support a conclusion. *Biestek*, 139 S. Ct. at 1154 (internal quotation marks omitted). The Court agrees with the Commissioner that the Court should "strive to harmonize statements where possible," "neither pick[ing] nits nor accept[ing Plaintiff's] invitation to rely upon perceived inconsistencies." *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018); Doc. 26, at 5-6.

The RFC assessment restricted Plaintiff to sedentary working which involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. §§ 404.1567(a), 416.967(a). This restriction is not inconsistent with Dr. Vallurupalli's restriction of lifting five-to-ten pounds. As the Commissioner notes, Dr. Vallurupalli included no frequency restriction, so the lifting could be constant. Doc. 26, at 6. And the restriction was part of Plaintiff's post-surgical healing process, which was going "remarkably well." AR 1185. Dr. Vallurupalli anticipated Plaintiff's symptoms would continue to improve pending her next

visit in six weeks, and there is no indication this restriction would last for the twelve months necessary to establish a disability. Substantial evidence supports the ALJ's conclusion.

## III.   Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 10th day of September, 2021.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE